PAYNE, J.,
for the Court:
PROCEDURAL POSTURE AND ISSUES PRESENTED
¶ 1. This case is before the Court challenging the judgment of the Bolivar County Circuit Court, after a jury trial, in favor of Martha Jean Ireland against Roy Gilbert in the amount of $1,000,000 for Gilbert’s negligence arising from an automobile accident in which Ireland was injured. Aggrieved, Gilbert filed this appeal raising the following four issues for our review: 1) whether the trial court erred in admitting into evidence, over hearsay objection, a letter from plaintiffs deceased treating physician to plaintiffs attorney expressing an opinion that plaintiff was permanently disabled as a result of this accident; 2) whether the trial court erred in allowing plaintiffs economist, Cabell Shull, Ph.D., to testify concerning plaintiffs’s purported future lost wages; 3) whether the trial court erred in instructing the jury that it could award damages for loss of wage earning capacity; and, 4) whether the trial court erred in denying Roy Gilbert’s motion for judgment notwithstanding the verdict or alternatively for a new trial because the verdict of the jury was excessive, against the overwhelming weight of the evidence and indicates that the jury was influenced by bias, passion or prejudice.
¶ 2. After reviewing the briefs of the parties and applicable precedents, we find *1052 merit in Gilbert’s first assignment of error regarding the admission of Dr. Lindsey’s letter. Accordingly, we vacate the judgment entered in favor of Ireland by the trial court below and remand for further action consistent with this opinion.
FACTS
¶ 3. On May 23, 1993, Ireland was driving northbound on Highway 1 south of Benoit, Mississippi. Gilbert was traveling along the same highway behind Ireland. Proceeding along the same path in between Ireland and Gilbert’s vehicles was a third vehicle driven by Lawrence Smith. Gilbert moved into the lane for southbound traffic and commenced passing Smith. As Gilbert moved passed Smith’s vehicle, Ireland executed a left turn into a private driveway that abutted the highway. As Ireland executed this turn, Gilbert struck her car near the driver’s side door.
¶ 4. Ireland was transported to the Bolivar County Hospital in Cleveland, Mississippi where she was treated and released, but she returned the next day complaining of back pain. She was treated by Dr. Arthur Lindsey, a general practitioner in Cleveland. Dr. Lindsey admitted Ireland to Bolivar County Hospital for treatment and physical therapy for approximately one week. Dr. Lindsey died prior to the trial. However, approximately fourteen months prior to the commencement of this action, Dr. Lindsey wrote to Ireland’s attorney summarizing his treatment and diagnosis. Over Gilbert’s objection, this letter was introduced into evidence as part of an exhibit containing Dr. Lindsey’s medical records.
¶ 5: Dr. Lindsey referred Ireland to Dr. John Frenz, a neurologist. Dr. Frenz was deposed, and a videotape of his deposition was entered into evidence. He assessed a seven percent permanent impairment to the body as a whole resulting from the automobile accident. Ireland was also treated by Dr. Rodrigo Galvez, a psychiatrist. He testified that Ireland suffered from post-traumatic stress disorder and had a sixty percent permanent impairment.
DISCUSSION AND ANALYSIS
I. WHETHER THE TRIAL COURT ERRED IN ADMITTING INTO EVIDENCE, OVER HEARSAY OBJECTION, A LETTER FROM PLAINTIFF’S DECEASED TREATING PHYSICIAN TO PLAINTIFF’S ATTORNEY EXPRESSING AN OPINION THAT PLAINTIFF WAS PERMANENTLY DISABLED AS A RESULT OF THIS ACCIDENT.
¶ 6. In Gilbert’s first assignment of error, he maintains that the letter from Dr. Lindsey addressed to counsel for Ireland constituted inadmissible hearsay. Ireland contends the letter is admissible under one or both of the following exceptions to the hearsay rule: M.R.E. 803(4), a statement made for the purpose of obtaining medical treatment, or M.R.E. 803(6) a record of a ■regularly conducted activity. Ireland’s arguments, as persuasive as they may be, cannot carry the day under current Mississippi law. Dr. Lindsey’s letter to Ireland’s counsel was hearsay not subject to the exceptions relied on by Ireland under M.R.E. 803.
¶ 7. We acknowledge that it is very unfortunate that Dr. Lindsey passed away prior to the trial of this matter. It is apparent from the most cursory reading of Dr,- Lindsey’s letter that the contents of his letter to Ireland’s counsel were very important to Ireland’s claims of injury. However, we are constrained by Mississippi Supreme Court precedent to find that Dr. Lindsey’s letter was, without question, inadmissible hearsay under both Mississippi Rules of Evidence 803(4) and 803(6).

Dr. Lindsey’s Letter Under M.R.E. 808(A)

¶ 8. M.R.E. 803(4) provides that a previous out of court statement by the declarant is admissible if the statement was made for the purpose of obtaining *1053 medical diagnosis or treatment. The Rule states:
Statements made for purposes of medical diagnosis or treatment and describing medical history, or past or present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof insofar as reasonably pertinent to diagnosis or treatment, regardless of to whom the statements are made, or when the statements are made, if the court, in its discretion, affirmatively finds that the proffered statements were made under circumstances substantially indicating their trustworthiness. For purposes of this rule, the term “medical” refers to emotional and mental health as well as physical health.
Miss. Rules of Evid. 803(4). “Before admitting evidence pursuant to M.R.E. 803(4), a two-part test must be met: ‘the declarant’s motive in making the statement must be consistent with the purposes of promoting treatment; and ... the content of the statement must be such as is reasonably relied on by a physician in treatment.’ ” Doe v. Doe, 644 So.2d 1199, 1206 (Miss.1994) (citing Jones v. State, 606 So.2d 1051, 1056 (Miss.1992)).
¶ 9. In this case, Dr. Lindsey’s letter was three pages of single spaced type. It communicated what treatments Dr. Lindsey prescribed, to whom he referred Ireland, what these referrals accomplished and revealed about her condition, and his diagnosis as of a date nearly four years prior to the trial. While Dr. Lindsey no doubt relied upon complaints made by Ireland in treating her, satisfying the second prong of the test outlined above, the complaints are not the subject of the letter. Further, it cannot be said that the letter is a statement consistent with the purposes of promoting Ireland’s treatment, but rather only a review of what was done in the course of Ireland’s treatment. Accordingly, the letter was not admissible under M.R.E. 803(4).

Dr. Lindsey’s Letter Under M.R.E. 803(6)

¶ 10. M.R.E. 803(6) provides for the admission of records of regularly conducted activities as follows:
A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions or diagnosis, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness or self-authenticated pursuant to Rule 902(11), unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness.
“Under Rule 803(6) and the comment, it is not necessary to call or to account for all participants who made the record. However, the source of the material must be an informant with knowledge who is acting in the course of the regularly conducted activity” and the evidence must be trustworthy. Mississippi Gaming Commission v. Freeman, 747 So.2d 231 (¶¶ 48-49) (Miss.1999).
¶ 11. When Ireland offered the letter from Dr. Lindsey into evidence, Gilbert’s attorney objected:
By Mr. Walker: We have some medical records here, your Honor, on the Cleveland Clinic, that have been subpoenaed. We’d like to introduce them into evidence. Do you want me bring the medical record—there’s an affidavit attached, your Honor, according to our Rules of Evidence.
By Mr. Alexander: I’m sure they’re authentic, but I want to make sure what’s in it.
By the Court: That’s P, what?
By Mr. Alexander: It’s P-6. I do have a couple of objections to a couple of the documents that we may have to discuss.
*1054 By the Court: All right. Go ahead.
By Mr. Alexander: All right. The first is to this letter. It’s a letter from the Cleveland Clinic to Mr. Walker. This is a letter to a lawyer. It’s not a medical record. Dr. Lindsey is dead. I can’t cross-examine [sic] him.
By Mr. Walker: That’s all the more so it should be admitted, your Honor.
By Mr. Alexander: I don’t have a problem with the records that form the basis of this letter. I do have a problem with the letter itself. It’s not a medical record, it’s a letter from a lawyer. The medical records are fine, except for -
By the Court: Does it contain medical data?
By Mr. Walker: Yes, sir. Just for the record, your Honor, I think it - By the Court: — Let him make his point, please.
By Mr. Walker: Yes, sir.
By the Court: Okay. Go ahead, please. By Mr. Alexander: So that’s the objection to this....
By the Court: Mr. Alexander, is there any data compilation contained in that letter?
By Mr. Alexander: It’s a summary of his records ... The letter is a summary of the other records, but also contains a bunch of references to Dr. Donald Cook who was listed as a witness, but he’s apparently not going to be here, and references to Dr. Frenz. It’s just shot full of hearsay....
By the Court: Okay. But, Mr. Alexander, 803(6) the pertinent part says, “A memorandum report, record, or data compilation in any form.” And if there is data compilation contained in that letter then that does constitute a form, then the Court finds it to be admissible. By Mr. Alexander: If you’re going under that one, I don’t believe this is a data compilation at all. I’ve never thought of a medical report being one.
¶ 12. M.R.E. 803(6) expressly includes a diagnosis or medical opinion. But, our supreme court decided a factually identical case under M.R.E. 803(6) and held the trial court committed reversible error in admitting a letter written by the plaintiffs treating physician to the plaintiffs attorney. In Jones v. Hatchett, 504 So.2d 198 (Miss.1987), a plaintiff in an action arising from an automobile accident introduced a report prepared by the treating physician who had died prior to trial. The supreme court held admitting the letter was reversible error because “it was obviously prepared in anticipation of litigation.” Id. at 202. In the case sub judice, Dr. Lindsey’s letter communicated what treatments he prescribed, to whom he referred Ireland, what these referrals accomplished and revealed about her condition, and his diagnosis as of a date nearly four years prior to the trial. It is obvious that the reason for which the letter was prepared was -in anticipation of litigation. Accordingly, the letter was not properly admitted under M.R.E. 803(6) pursuant to the Jones decision.
CONCLUSION
¶ 13. The letter from Dr. Lindsey was not properly admitted into evidence as an exception to the hearsay rule under M.R.E. 803(4) or M.R.E. 803(6). As we have found error with regard to the admission of the Lindsey letter sufficient to warrant reversal, we need not, and we decline to, reach Gilbert’s remaining assignments of error. The judgment of the circuit court is vacated and this cause remanded for further action consistent with this opinion.
¶ 14. THE JUDGMENT OF THE BOLIVAR COUNTY CIRCUIT COURT IS REVERSED AND THIS CAUSE REMANDED FOR FURTHER ACTION CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE TAXED TO THE APPELLEE.
*1055 McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., MOORE, AND THOMAS, JJ., CONCUR. DIAZ, J„ DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY BRIDGES, IRVING, AND LEE, JJ.